UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENIRA M. LABAT, *et al.*  CIVIL ACTION

VERSUS  NO. 20-447

SYDNEY M. RAYNER, *et al.*  SECTION M (5)

## ORDER & REASONS

Before the Court are the motions *in limine* of plaintiffs Denira Labat and Sean Esprit (together, "Plaintiffs") to exclude reports of defendants' experts,[1] to exclude any reference to Esprit's criminal history, arrest, or conviction,[2] and to exclude any reference to Esprit's subsequent accident history.[3] Also before the Court are Defendants' motions *in limine* to limit testimony of Plaintiffs' treating physicians,[4] to limit and/or exclude medical records,[5] and to quash trial subpoenas.[6] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

I.  BACKGROUND

This case arises from a car accident involving an attempted left turn. On October 27, 2018, Labat was driving her brother, Esprit, home from his grandmother's funeral repast in a 2006 Acura TL. She was proceeding south (toward downtown) on St. Bernard Avenue, a divided street with a median. Rayner was visiting New Orleans for the first time to attend a music festival. She was

---

[1] R. Doc. 50.
[2] R. Doc. 51. Defendants Sydney M. Rayner, Michael Bell, and Metropolitan Property and Casualty Insurance Company ("Metropolitan") (collectively, "Defendants") oppose the motion. R. Doc. 71.
[3] R. Doc. 52. Defendants oppose the motion. R. Doc. 72.
[4] R. Doc. 53. Plaintiffs ostensibly oppose the motion, R. Doc. 75, although their opposition seems more directed to Defendants' motion to limit and/or exclude medical records, R. Doc. 54. The Court has considered it in connection with both motions.
[5] R. Doc. 54.
[6] R. Doc. 55.

driving Bell's Ford F-150 truck on A.P. Tureaud Avenue, which dead-ends into St. Bernard from the east. Rayner failed to stop in the crossing or to yield to approaching southbound traffic on St. Bernard. Instead, in "one continuous motion," having crossed the northbound lane of St. Bernard, she continued through the median, without stopping or yielding, turning left onto St. Bernard (into the southbound lane of traffic). As a consequence, the front of Rayner's truck struck the rear driver's side of Labat's passing car, causing it to spin 360° counterclockwise before coming to a stop. Plaintiffs allege that they sustained injuries as a result of the accident. This Court granted Plaintiffs' motion for summary judgment explaining that "[a]s the sole proximate and legal cause of the accident, Rayner bears complete fault for it."[7] In preparation for trial on the remaining issue of damages, the parties filed various evidentiary motions which will be considered in turn.

## II.  LAW & ANALYSIS

### A. Motion *in limine* to exclude reports of Defendants' experts, R. Doc. 50

In their motion, Plaintiffs seek to exclude the independent medical examination reports and resume of Dr. Everett Robert, and the expert reports and resumes of Ian Hegwood/Hegwood & Company, LLC and John W. Theriot, Johnathon A. Stolz and Jason R. Shellhaas of Malcolm M. Dienes, LLC.[8] Plaintiffs argue these reports constitute inadmissible hearsay.[9] Defendants do not oppose the motion.

Hearsay, an out-of-court statement offered "in evidence to prove the truth of the matter asserted in the statement," cannot be admitted at trial. Fed. R. Evid. 801(c), 802. "Expert reports are hearsay because they are out of court statements offered to prove the truth of the matter asserted." *Marquette Transp. Co. v. Eagle Subaru*, 2010 WL 1558921, at *3 (E.D. La. Apr. 15,

---

[7] R. Doc. 41 at 13.
[8] R. Doc. 50-1 at 2 (citing R. Doc. 48 at 15).
[9] *Id.* at 2-3.

2010). "'As a general rule, expert reports are hearsay, and therefore generally not admissible as exhibits, although they may be the subject of testimony and might be used to impeach a witness or refresh a witness' recollection.'" *Assoc. Terminals of St. Bernard, LLC v. Potential Shipping HK Co.*, 2018 WL 947660, at *4 (E.D. La. Feb. 16, 2018) (quoting *Flowers v. Striplin*, 2003 WL 25683914, at *1 (E.D. La. May 22, 2003)) (alteration omitted). Because the expert reports constitute inadmissible hearsay, they are excluded.

**B. Motion *in limine* to exclude any reference to plaintiff's criminal history, arrest, or conviction, R. Doc. 51**

Plaintiffs move "to exclude any testimony, evidence, argument, or reference regarding Mr. Esprit's criminal history, arrest, or conviction."[10] Plaintiffs argue that such information is inadmissible character evidence and has no bearing on this trial, which is limited to the determination of the injuries he (and Labat) suffered.[11] In opposition, Defendants argue that this motion is premature and must be reserved for trial to determine if the history is relevant.[12] However, Defendants state that they "will agree not to introduce Dr. Robert's report at trial or have Dr. Robert testify to any matter regarding this criminal history, arrest or conviction that is not relevant or subject to the Permitted Uses under FRCP 404(b)(2)."[13]

Rule 403 of the Federal Rules of Evidence states that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury."[14] "Evidence of a person's

---

[10] R. Doc. 51-1 at 1.
[11] *Id.* at 3.
[12] R. Doc . 71 at 1-2.
[13] *Id.*
[14] *See also* Fed. R. Evid. 609 advisory committee note to 1990 amendment (the amended rule, which addresses impeachment by evidence of a criminal conviction, "reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant").

3

character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Similarly, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* 404(b)(1). However, such evidence can be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2).

Rule 609 outlines the rules for "attacking a witness's character for truthfulness by evidence of a criminal conviction." Regardless of the length of the underlying crime's punishment, the criminal conviction "must be admitted if the court can readily determine that establishing the elements of a crime required proving – or the witness's admitting – a dishonest act or false statement." *Id.* 609(a)(2).

Although Defendants have not explained how Esprit's criminal history may be relevant, because he will be a witness at trial, it is proper to defer ruling on this issue until trial so the Court can make a decision on the question with the benefit of context. There may be instances when such information would be relevant, but it is prudent to reserve the issue until a specific scenario is before the Court along with any arguments that may be asserted concerning prejudice.

C. **Motion *in limine* to exclude any reference to plaintiff's subsequent accident history, R. Doc. 52**

In their motion, Plaintiffs seek to exclude "any [t]estimony, [e]vidence, [a]rgument, or [r]eference" concerning Esprit's subsequent accident, which they state did not cause further injury.[15] In his deposition, Esprit referenced an accident that occurred sometime between October 27, 2018 (the date of the car accident at issue) and November 10, 2020.[16] Plaintiffs allege that he

---

[15] R. Doc. 52-1 at 1.
[16] *Id.* at 2.

testified that "this accident was so insignificant that he did not recall when it occurred, it did not cause any injury, and it did not result in medical treatment."[17]  Consequently, Plaintiffs say that reference to the subsequent accident would result in substantial prejudice and confusion of the issues before the jury.[18]  In opposition, Defendants indicate that the subsequent accident occurred on December 20, 2019, and that Esprit reported to his own doctor and the independent medical examiner that the accident increased his pain.[19]  Therefore, Defendants say the subsequent accident is relevant because it resulted in additional medical treatment that was of importance to the treating physicians.[20]

Rule 401 of the Federal Rules of Evidence states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.  Rule 403 states that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury."  A subsequent accident that may have affected Esprit's treatment is relevant to the issue of his damages.  Hence, evidence or argument referring to the accident should not be excluded.

**D. Motion *in limine* to limit testimony of Plaintiffs' treating physicians, R. Doc. 53**

In their motion, Defendants seek to prevent Plaintiffs' treating physicians from testifying as experts because Plaintiffs did not comply with the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure and they did not submit them in accordance with the scheduling

---

[17] *Id.*.  Plaintiffs reference an "Exhibit 1" to the motion, which was described as an excerpt from Esprit's deposition, but no exhibit was attached.
[18] *Id.*
[19] R. Doc. 72 at 1-2.
[20] *Id.* at 2.

5

order.[21]  Defendants ask this Court to "exclude Plaintiffs' treating healthcare providers from opining on causation and future treatment as these areas are not addressed in the medical records, to exclude expert opinions from healthcare providers for whom neither summaries nor records have been provided or even authorized, and to exclude healthcare providers who have not been specifically designated."[22]  In opposition, Plaintiffs insist that Defendants were somehow aware of the identities of their treating physicians.[23]

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony.  An expert that is retained by a party for purposes of litigation is required to provide an expert report pursuant to Rule 26(a)(2)(B).  Prior to 2010, non-retained experts, such as treating physicians, were exempt from Rule 26's expert reporting requirements.  *Tucker v. United States*, 2019 WL 4198254, at *2 (E.D. La. Sept. 4, 2019).  In 2010, Rule 26(a)(2)(C) was added, which provides a modified disclosure requirement applicable to non-retained experts, such as treating physicians.  *Id.*  Rule 26(a)(2)(C) requires that a party, with respect to a non-retained expert, provide a written disclosure, in lieu of a report, stating "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

A Rule 26(a)(2)(C) disclosure "need not be extensive," but it must include "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion."  *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018) (internal quotation omitted; emphasis in original).  Although "the rule does not require overly comprehensive disclosure, … it does require disclosure in at least *some* form" in order "to provide opposing parties

---

[21] R. Doc. 53-1 at 1-2.
[22] *Id.* at 11.
[23] R. Doc. 75.

6

the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts, if necessary." *Id.* (emphasis in original); *see also Collett v. Weyerhaeuser Co.*, 512 F. Supp. 3d 665, 672 (E.D. La. 2021) ("In lieu of a report, the treating physician's records, summaries of the treatment, or a letter or summary report is produced containing information sufficient to allow opposing counsel to understand the scope of the expected testimony and supplement the information with a pretrial deposition."). "However, disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Hooks v. Nationwide Hous. Sys., LLC*, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016); *see also Knighton v. Lawrence*, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) ("'[Under Rule 26(a)(2)(C),] it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies.'") (quoting *Tolan v. Cotton*, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015)).

Plaintiffs disclosed only Kasey L. Crawford and Ralph A. Litolff, Jr. (neither a treating physician) as retained experts before the expert disclosure deadline.[24] Thereafter, they submitted an amended witness list that listed as "fact and/or expert" witnesses the generic description "medical providers" from various treatment facilities, but no names of persons.[25] Plaintiffs later attempted to cure such deficiencies in their disclosures by filing a so-called "final witness and exhibit list."[26] Although Plaintiffs represented that Defendants did not object to their motion for leave to do so, Defendants filed an opposition,[27] and the Court denied the motion.[28]

---

[24] R. Doc. 53-3.
[25] R. Doc. 16 at 1-2.
[26] R. Doc. 45.
[27] R. Doc. 46.
[28] R. Doc. 47.

Plaintiffs' tardy attempt to disclose their treating physicians in their late-filed "final witness and exhibit list" reveals that they must have realized their prior barebone disclosures did not meet the written requirements of Rule 26(a)(2)(C) because they failed to include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Regardless, the Court finds that the prior disclosures are inadequate for these reasons. Accordingly, the treating physicians may testify only as fact witnesses (including testimony about their treatment and diagnosis of a plaintiff), but they may not testify as experts (and, therefore, cannot offer opinion testimony) due to Plaintiffs' failure to comply with the Rule 26(a)(2)(C) disclosure requirements.

### E. Motion *in limine* to limit testimony of Plaintiffs' treating physicians and exclude medical records, R. Doc. 54

Defendants seek to exclude medical records not timely supplemented and to limit and/or exclude the testimony of experts Crawford and Litolff under Rule 37 of the Federal Rules of Civil Procedure.[29] Defendants argue that Plaintiffs did not comply with their obligation to supplement their discovery responses so their recently disclosed medical records should be excluded.[30] Crawford and Litolff are not mentioned elsewhere in the motion, but the Court assumes that Defendants mean to argue that expert opinions based on the late-disclosed medical records should be excluded.[31] Plaintiffs oppose the motion, arguing that they disclosed the identities of their

---

[29] R. Doc. 54-1 at 1.
[30] *Id.* at 2-5.
[31] *Id.* at 9.

treating physicians and "supplemented these disclosures with the records of more recent treatment well before trial."[32]

Rule 37 states in pertinent part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Further, this Court's scheduling order states that "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[33] In determining whether a violation of Rule 26 is harmless or substantially justified, courts are to consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003).

In their opposition, Plaintiffs do not explain how they made a timely disclosure of the witnesses and exhibits to which Defendants object, except to assert that Defendants were aware of them and that the records pertain to recent treatment. Thus, Plaintiffs have not demonstrated good cause for their disregard of the scheduling order. As a result, any evidence sought to be introduced that was not properly disclosed or produced in discovery, and any expert testimony based thereon, will be excluded. If there are medical records regarding recent treatment that were provided to Defendants as a timely supplement to discovery, they will be allowed.

---

[32] R. Doc. 75 at 2. To the extent Plaintiffs' opposition represents an effort to address the issues raised by Defendants' motion under Rule 26 (R. Doc. 53), it provides no excuse for Plaintiffs' failure to designate their treating physicians as experts before now.

[33] R. Doc. 30 at 3.

### F. Motion to quash trial subpoenas, R. Doc. 55

In their motion, Defendants seek to quash Rule 45 subpoenas issued to defendants Rayner, Bell, and Metropolitan.[34] They note that Rayner and Bell are Georgia residents while Metropolitan is incorporated in Rhode Island[35] so, say Defendants, all three are outside the subpoena power of the Court.[36] Plaintiffs did not oppose the motion.

Rule 45 provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). Rule 45(c) limits the subpoena power to "command a person to attend a trial … only … (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person;  or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) … would not incur substantial expense." *Id.* 45(c)(1). Plaintiffs have not shown that Defendants reside, work, or regularly transact business in person in Louisiana or within 100 miles of this Court.  As these parties are outside the subpoena power of the Court, the subpoenas must be quashed.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion *in limine* to exclude reports of Defendants' experts (R. Doc. 50) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion *in limine* to exclude any reference to plaintiff's criminal history, arrest, or conviction (R. Doc. 51) is DEFERRED until trial.

---

[34] R. Doc. 55 at 1.
[35] R. Doc. 55-1 at 1-2.
[36] *Id.* at 2-3.

IT IS FURTHER ORDERED that Plaintiffs' motion *in limine* to exclude any reference to plaintiff's subsequent accident history (R. Doc. 52) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion *in limine* to limit testimony of Plaintiffs' treating physicians (R. Doc. 53) is GRANTED. Plaintiffs' treating physicians may testify as fact witnesses (including testimony about their treatment and diagnosis of a plaintiff), but they may not testify as experts (so cannot offer opinion testimony).

IT IS FURTHER ORDERED that Defendants' motion *in limine* to limit testimony of Plaintiffs' experts and exclude medical records (R. Doc. 54) is GRANTED. However, medical records concerning recent treatment that were provided to Defendants as a timely supplement to discovery will be allowed.

IT IS FURTHER ORDERED that Defendants' motion to quash trial subpoenas (R. Doc. 55) is GRANTED.

New Orleans, Louisiana, this 26th day of August, 2021.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE