UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENIRA M. LABAT, *et al.*                       CIVIL ACTION

VERSUS                                          NO. 20-447

SYDNEY M. RAYNER, *et al.*                      SECTION M (5)

**ORDER & REASONS**

Before the Court is the motion of defendants Metropolitan Casualty Company, Sydney M. Rayner, and Michael Bell (collectively, "Defendants") to enforce settlement agreement and for sanctions.[1] Plaintiff Sean Esprit responds in opposition.[2] Defendants reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

**I.    BACKGROUND.**

This case arises from a car accident occurring on or about October 27, 2018.[4] The parties allegedly attempted to settle Esprit's claims on November 18, 2021, but the agreement, which was not reduced to writing,[5] was never properly confected.[6] As a result, neither party performed her or his alleged obligations.[7] On January 25, 2022, Esprit filed a motion to enforce the purported settlement,[8] which the Court addressed during two status conferences.[9] Immediately following the February 14, 2022 status conference, the parties properly confected a settlement by reciting the

---

[1] R. Doc. 127.
[2] R. Doc. 134.
[3] R. Doc. 151.
[4] R. Doc. 127-1 at 1.
[5] R. Doc. 98 at 2.
[6] R. Doc. 92-1 at 2-3.
[7] *Id.* at 4.
[8] R. Doc. 92.
[9] R. Docs. 103; 104.

1

terms and conditions of their settlement agreement in open court, which included the dismissal of Esprit's claims.[10] The parties agreed that Defendants would tender a check to Esprit within three days of the date of the settlement, and Esprit would tender a signed Receipt, Release, and Indemnification Agreement and Joint Motion for Partial Dismissal with Prejudice (the "Release") to Defendants within 14 days of the date of the settlement.[11]

The next day, Defendants tendered the settlement check to Esprit,[12] who then deposited it.[13] But Esprit did not tender the signed Release to Defendants before the deadline to do so passed.[14] Defendants filed the instant motion 17 days later because they had not yet received the signed Release.[15] Shortly after the motion was filed, Defendants receive the signed Release.[16] No party claims that there remains anything to do to complete the settlement. Thus, because the parties have now performed their obligations under the settlement agreement, Defendants' request to enforce settlement is DENIED as MOOT. The Court, however, must still address Defendants' additional request to impose sanctions on Esprit and his counsel.

## II.   PENDING MOTION

In their motion, Defendants argue that sanctions should be awarded against Esprit and his counsel "for their willful defiance of the terms and conditions of the settlement agreement."[17] "This defiance can be no better illustrated by Mr. Esprit and his counsel's negotiation and deposit of the settlement check back on February 24, 2022," say Defendants, "and opposing counsel's complete lack of candor and cooperation with the settlement process when requested, despite the

---

[10] R. Doc. 104.
[11] R. Docs. 127 at 1; 127-3 at 4.
[12] R. Doc. 127-1 at 2.
[13] *Id.* at 3.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 134 at 1.
[17] R. Doc. 127-1 at 5.

high level of involvement by This Honorable Court throughout the settlement process."[18] Defendants request that the Court levy sanctions against Esprit and his counsel, "specifically attorney's fees associated with the pursuit of the necessary settlement documents and the instant motion to its conclusion, as well as any applicable expenses or costs."[19]

In opposition, Esprit argues that because the motion to enforce settlement is now moot, so too is Defendants' request for sanctions.[20] Esprit acknowledges that his counsel did not send the Release by February 28, 2022, as required by the settlement agreement, but argues that this was "a mistake which was not made in bad faith, as Plaintiff's counsel was in the midst of preparing for numerous trials at once."[21] That mistake "was remedied as soon as Plaintiffs' counsel learned of Defendants' request for a status update on these documents," says Esprit.[22] Therefore, his counsel's mistake "hardly rises to the level of a willful violation" as would warrant sanctions, argues Esprit, "especially because the problem has already been corrected."[23]

In reply, Defendants characterize Esprit's representations as "plainly disingenuous."[24] Esprit "clearly knew" the terms and conditions of the parties' settlement agreement, say Defendants, yet brazenly failed to honor his obligations.[25] That and Esprit and his counsel's "pattern of non-compliance and lack of candor in this settlement process" justify sanctions, argue Defendants.[26] Thus, Defendants contend that "[a]t the very least, [they] are entitled to recovery of

---

[18] *Id.* (footnotes omitted).
[19] *Id.* at 7.
[20] R. Doc. 134 at 1.
[21] *Id.* at 2.
[22] *Id.*
[23] *Id.*
[24] R. Doc. 151 at 3.
[25] *Id.* at 1, 5.
[26] *Id.* at 4.

the costs, expenses, and attorney's fees associated with the filing of the pleadings associated with the instant motion," and any other sanctions the Court deems appropriate.[27]

### III.     LAW & ANALYSIS

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). So, "[w]hen a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute," as here, where the parties cite no rule or statue, "it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997) (citing *Chambers*, 501 U.S. at 50, and *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993)).

"[W]here a court calls upon its inherent power to sanction the parties before it, … 'bad faith or willful abuse of the judicial process' [must be established] by 'clear and convincing proof.'" *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 455 (5th Cir. 2022) (quoting *In re Moore*, 739 F.3d 724, 729-30 (5th Cir. 2014)). But bad faith, when present, does not "excuse the court from choosing lesser sanctions that would do the job," *id.* at 456, because "courts are generally required to impose the 'least onerous sanction which will address the offensive conduct.'" *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 176 (5th Cir. 2018) (quoting *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997)). "'The district courts wield their

---

[27] *Id.* at 5.

4

various sanction powers at their broad discretion.'" *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 203 (5th Cir. 2016) (quoting *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993)).

Sanctions are not appropriate at this juncture. Litigation with respect to Esprit is over, and each side has taken its turn down the winding byways of enforcement and sanctions, when the main road was settlement itself. Whereas Esprit first moved to enforce the purported settlement for Defendants' failure to timely tender the settlement check,[28] Defendants now seek to enforce the settlement for Esprit's failure to timely tender the signed Release. Each side did so thinking it had a term of settlement to enforce. Notwithstanding their detours, though, the parties did arrive at the intended destination – a fully consummated settlement – and there is no point in looking in the rearview mirror. Instead, the parties should set their course for the next step of their journey, namely, trial of the remaining claims. At present, the Court is not convinced that anyone, including Esprit and his counsel, has acted in bad faith. Nevertheless, the parties are warned that they are duty-bound to abide by their agreements, respect each other's time and efforts, and communicate timely and appropriately about the case. Any failure to do so may compel the Court to revisit its assessment of the parties' conduct and to consider sanctions. *See Vikas*, 23 F.4th at 455-56 (observing that "the failure of express warnings could allow the court to find that a lesser sanction would not 'substantially achieve the desired deterrent effect'" and to impose a heavier sanction) (quoting *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019).

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion to enforce settlement agreement and for sanctions (R. Doc. 127) is DENIED.

---

[28] R. Doc. 92-1 at 5.

New Orleans, Louisiana, this 29th day of April, 2022.

                                                                                 _____
                                                                                 BARRY W. ASHE
                                                                                 UNITED STATES DISTRICT JUDGE